

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3259 | **DATE** | 6/24/2002 |
| **CASE TITLE** | In Re: ▓▓▓▓ Anthony P. Opal | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. Both Opal's appeal and this action are dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 25 2002 | |
| | Notified counsel by telephone. | | date docketed | 2 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re )
)
ANTHONY P. OPAL, ) No. 02 C 3259
) (02 B 5579)
Debtor. )

MEMORANDUM OPINION AND ORDER

On February 13, 2002 Anthony Opal, through his bankruptcy counsel, filed a voluntary Chapter 13 petition. That of course triggered the automatic stay under 11 U.S.C. §362. Chase Manhattan Mortgage Corporation then quickly moved for relief from the stay as to the property known as 505 North Lake Shore Drive, Unit 3503, Chicago, Illinois, and the Bankruptcy Court granted the motion and terminated the stay as to that property on March 14.

On March 25 Opal (still acting through counsel) filed a notice of appeal (which was then amended on March 28), but since then he and his counsel have done nothing at all to pursue that appeal (or, for that matter, to take any action in conjunction with the underlying Chapter 13 proceeding, which was then dismissed on the Trustee's motion on April 11). Because Opal and his counsel had failed to comply with the Bankruptcy Rule 8006 requirement for the timely filing of a designation of contents of the record on appeal and a statement of issues, the Bankruptcy Clerk served notice on April 9 that the notice of appeal would be transmitted to this District Court on May 7. That was done, and



the case was assigned at random to this Court's calendar.

As indicated earlier, the total silence on Opal's part has persisted. It thus became incumbent on this Court to initiate its own efforts to obtain copies of the relevant portions of the Bankruptcy Court file and to undertake the necessary search for authority as to the appropriate action to be taken under such circumstances. That search led this Court to a thoughtful opinion written by the late Honorable Hubert Will (to whose seat on this District Court this Court was privileged to succeed) while he was sitting by designation with our Court of Appeals. In re Bulic, 997 F.2d 299 (7th Cir. 1993) dealt with a case presenting a less grievous violation of Bankruptcy Rule 8006 than Opal's here--a week-late filing rather than no filing at all. And Bulic, id. at 301-02, after explaining the differing approaches that courts had taken in such situations, upheld the District Court's dismissal of the appeal in that case.

This Court has given full consideration to all of the circumstances here, including its having taken full account of the "excusable neglect" ruling in Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993) as to the application of Bankruptcy Rule 9006(b). Having done so, this Court finds that the discretion vested by Bankruptcy Rule 8001(a) and discussed in Bulic calls for dismissal of Opal's appeal. Although he and his counsel have purportedly invoked the

processes of law, they have done so in a manner more appropriate to a scofflaw. It is more than apparent from his total neglect of the law's requirements--taking advantage of the delay produced by inertia--that Opal is simply seeking to hinder his mortgagee's orderly pursuit of its foreclosure remedy. That effort has succeeded for over four months, but it is time to call a halt. Both Opal's appeal and this action are dismissed with prejudice.

                                                                     _____
                                                                     Milton I. Shadur
                                                                     Senior United States District Judge

Date: June 24, 2002